IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

PAUL EVANS, #K9280                                                                          PLAINTIFF

VERSUS                                                    CIVIL ACTION NO.  2:11-cv-63-KS-MTP

BRENDA SIMS                                                                                 DEFENDANT

## MEMORANDUM OPINION

This cause is before the Court, *sua sponte*, for consideration of dismissal.  Plaintiff Evans, an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated in the Delta Correctional Facility, Greenwood, Mississippi filed this *in forma pauperis* Complaint pursuant to 42 U.S.C. § 1983, on March 21, 2011.  The named Defendant is Brenda Sims, Captain at South Mississippi Correctional Institution (SMCI).  On April 21, 2011, an Order [6] was entered directing Plaintiff to file a written response to specifically state how his constitutional rights were violated and to state what injury, if any, he suffered from the alleged violation of his constitutional rights.  Upon liberal review of Plaintiff's Complaint [1], and Response [7], the Court has reached the following conclusions.

## Background

According to the Plaintiff, on May 25, 2009, Captain Sims ordered the closing of certain security gates at SMCI which prevented him from proceeding to the dining hall, thereby denying him one meal.  Specifically, Plaintiff claims he was "detained, harassed, and denied the opportunity to eat,"  and threatened with rule violation reports.  Resp. [7] at 1.  Plaintiff complains that this incident violated his constitutional rights under the Eighth Amendment and also violated MDOC policy and procedure.  Plaintiff is requesting

declaratory and injunctive relief along with monetary damages.  Compl. [1] at 4.

Analysis

Title 28 U.S.C. §1915, applies to prisoners proceeding *in forma pauperis* in this Court.  Section 1915(e)(2), provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal --  (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."   The Court has permitted the Plaintiff to proceed *in forma pauperis* (IFP) in this action, thus his Complaint is subject to *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2).[1]

In order to have a viable claim under 42 U.S.C. § 1983 the Plaintiff must allege that he was deprived of a right secured by the Constitution or the laws of the United States and that the person depriving Plaintiff of this right acted under color of any statute of the State. *West v. Atkins*, 487 U.S. 42, 48 (1988);  *Resident Council of Allen Parkway Village v. United States Dep't of Hous. & Urban Dev.*, 980 F.2d 1043, 1050 (5th Cir.), *cert. denied*, 510 U.S. 820 (1993).  For the reasons stated below, the Court has determined that Plaintiff's allegations do not rise to the level of a constitutional deprivation.

The constitutional prohibition against cruel and unusual punishment requires that prisoners be afforded humane conditions of confinement, receive adequate food, shelter, clothing and medical care.  *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001).  With that said, a prisoner does not have a right to a comfortable prison and only those deprivations

---

[1]Plaintiff was granted *in forma pauperis* status on April 21, 2011.

which deny "the minimal civilized measure of life's necessities" are actionable in a § 1983 suit. *Wilson v. Seiter*, 501 U.S. 294, 289 (1991)(internal citations omitted). Thus, the deprivation of food may constitute cruel and unusual punishment but only if it denies a prisoner the "minimal civilized measure of life's necessities." *Berry v. Brady*, 192 F.3d 504, 507-08 (5th Cir. 1999)(quoting *Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998)). "Whether the deprivation of food falls below this threshold depends on the amount and duration of the deprivation." *Id.*

As stated above, Plaintiff claims he was prevented from eating one meal while incarcerated at SMCI, resulting in no apparent injury. Clearly, the deprivation of one meal on one occasion, did not deny Plaintiff the "minimal civilized measure of life's necessities" as required to establish an Eighth Amendment violation. *See Taylor v. Kaylo*, 2001 WL 498686, at *2 (5th Cir. Apr. 12, 2001)(citing *Palmer v. Johnson,* 193 F.3d 346, 352 (5th Cir. 1999))(denial of one meal does not rise to the level of a cognizable constitutional injury)*; see also Berry*, 192 F.3d at 508 (upholding court's dismissal of prisoner's claim for missing eight meals over a seven-month period as frivolous); *Talib*, 138 F.3d at 214 n.3 (court found it doubtful that missing fifty meals in five months resulting in the loss of fifteen pounds stated an Eighth Amendment violation); *Lockamy v. Rodriguez*, 402 F. App'x 950, 951 (5th Cir. 2010)(denial of six meals over 54-hour period failed to state an Eighth Amendment violation). Furthermore, the failure of Captain Sims to follow MDOC policy and procedure did not rise to a level of constitutional deprivation. *Jones v. Hudnell*, 210 F. App'x 427, 428 (5th Cir. 2006) (citing *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir 1986))("A violation of

3

prison regulations, without more, does not give rise to a federal constitutional violation."). In addition, to the extent Plaintiff complains that he was "threatened with rule violation reports", the Court points out that "mere threatening language and gestures of a custodial office[r] do not, even if true, amount to constitutional violations." *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.1983); *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir.1993)(allegations of verbal abuse by a correctional officer do not rise to the level of a constitutional violation).

## Conclusion

As explained above, Plaintiff's allegations do not amount to a constitutional deprivation. Consequently, this § 1983 action will be dismissed with prejudice, as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

## Three-strikes

Because this case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), it will be counted as a "strike" pursuant to 28 U.S.C. § 1915(g). If the Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED AND ADJUDGED this the  18th   day of May, 2011.


*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE